O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS V. H.,[1] <br>     **Plaintiff,** <br>  v. <br> ANDREW M. SAUL,[2] **Commissioner of Social Security,** <br>     **Defendant.** | ) NO. EDCV 18-2618-KS <br> ) <br> ) <br> ) **MEMORANDUM OPINION AND ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) |

## INTRODUCTION

Jose Luis V. H. ("Plaintiff") filed a Complaint on December 18, 2018, seeking review of the denial of his application for Disability Insurance benefits ("DI") and Supplemental Security Insurance ("SSI"). (Dkt. No. 1.) On January 31, 2019, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 11-13.) On September 23, 2019, the parties filed a Joint Stipulation ("Joint Stip."). (Dkt.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Court notes that Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Andrew M. Saul for Nancy A. Berryhill as the defendant in this action.

1

No. 21.) Plaintiff seeks an order reversing and remanding for further administrative proceedings. (Joint Stip. at 17.) The Commissioner requests that the ALJ's decision be affirmed. (*Id.* at 18.) The Court has taken the matter under submission without oral argument.

**SUMMARY OF PRIOR PROCEEDINGS**

On October 11, 2013, Plaintiff, who was born on October 31, 1959, filed an application for DI; and on April 14, 2014, he filed an application for SSI.[3] (*See* Administrative Record ("AR") 293-302; Joint Stip. at 2.) Plaintiff alleged disability commencing October 19, 2005 due to carpal tunnel, arthritis, hernia, diabetes, HBP, low platelet count, vertigo, lumbosacral strain, cirrhosis, varicose veins, hearing loss, and back pain. (AR 296, 319.) He previously worked as a material handler (DOT[4] 929.687-030), hand packager (DOT 920.587-018), industrial truck operator (DOT 921.683-050), and store laborer (DOT 922.687-058). (AR 85-87.) After the Commissioner initially denied Plaintiff's applications (AR 161-71), Plaintiff requested a hearing (AR 173-74). Administrative Law Judge Michael B. Richardson (the "ALJ") held a hearing on July 20, 2017. (AR 43.) Plaintiff and a vocational expert testified. (AR 47-91.) On August 11, 2017, the ALJ issued an unfavorable decision. (AR 14-33.) On June 27, 2018, the Appeals Council denied Plaintiff's request for review. (AR 6-12.)

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that Plaintiff met the insured status requirements through December 31, 2010. (AR 22.) He found that Plaintiff had not engaged in substantial gainful activity from the alleged October 19, 2005 onset date through the date last insured. (*Id.*) He determined that Plaintiff had the following severe impairments: carpal tunnel syndrome, status post right

---

[3] Plaintiff was 45 years old on the alleged onset date and thus met the agency's definition of a "younger person." *See* 20 C.F.R. §§ 404.1563(c), 416.963(c). He has since become a "person of advanced age." *See* 20 C.F.R. §§ 404.1563(e), 416.963(e).
[4] "DOT" refers to the *Dictionary of Occupational Titles*.

hand carpal tunnel release; hypertension; diabetes mellitus; hearing loss without implant, left ear; and low back pain syndrome with sciatica. (*Id.*) After specifically considering listings 1.04, 2.10, 11.14, and the listings found under sections 1.00, 2.00, 4.00, 9.00, and 11.00, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). (AR 18.) The ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform medium work with the following limitations:

> [H]e can frequently push and pull with the bilateral lower extremities; he can frequently perform all postural activities; he can frequently handle, finger and feel bilaterally; he must avoid noise over moderate level and can do no work requiring good hearing; he must avoid concentrated exposure to extreme cold and heat, wetness, humidity, noise and vibration; and can have no exposure to unprotected heights and dangerous moving machinery.

(AR 26.) The ALJ found that Plaintiff could perform his past relevant work as a store laborer. (AR 31.) Accordingly, he determined that Plaintiff was not under a disability, as defined in the Social Security Act, from the onset date through the date of the ALJ's decision. (AR 32.)

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (citation omitted). "Even when the evidence is susceptible to more

than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in her decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citations omitted).

## DISCUSSION

Plaintiff raises three issues: (1) whether the ALJ properly rejected several of Plaintiff's impairments as being nonsevere; (2) whether the ALJ properly considered the opinions of two of Plaintiff's treating physicians; and (3) whether the ALJ properly evaluated Plaintiff's subjective statements. (Joint Stip. at 2.) For the reasons discussed below, the ALJ erred in failing to consider the opinion of one of Plaintiff's treating physicians. Accordingly, remand is warranted and the Court declines to address the merits of Plaintiff's additional claims.

//
//

## I. The ALJ's Evaluation of Plaintiff's Treating Physicians

### A. Legal Standard

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). In doing so, the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ errs when he discounts an examining source's medical opinion, or a portion thereof, "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13; *see also Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("[A]n ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them."). However, an ALJ's failure to mention a treating source may not warrant remand if the error was harmless. *See Marsh*, 792 F.3d at 1173.

The opinion of a treating source is generally entitled to greater weight than the opinion of a non-treating doctor because a treating source is "most able to provide a detailed, longitudinal picture" of a claimant's medical impairments and bring a perspective to the medical evidence that cannot be obtained from objective medical findings alone. *See Garrison*, 759 F.3d at 1012; 20 C.F.R. § 404.1527(c)(2) (governing claims filed before March 27, 2017). Likewise, the opinions of examining sources are given more weight than non-examining source opinions. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). To reject an uncontradicted opinion of a treating or examining source, the ALJ must provide "clear and convincing reasons that are supported by substantial evidence." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). The ALJ need not accept a treating source's opinion if it is "brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole."

5

*See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Alternatively, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Trevizo*, 871 F.3d at 675. "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

### B. Evidence of Plaintiff's Treatment

On November 29, 2005, Plaintiff underwent right inguinal repair surgery following a workplace accident in October 2005 (the disability onset date) and several weeks of physical therapy. (*See* AR 719-43.) In January 2006, Plaintiff sought treatment with Rafael Penunuri, M.D., an orthopedic surgeon (AR 689-98.) Dr. Penunuri performed a physical examination of Plaintiff, who also presented with symptoms of carpal tunnel syndrome, and determined that Plaintiff should be considered on temporary total disability for six weeks. (AR 697.) He prescribed Plaintiff medications, instructed that he continue with physiotherapy, recommended that he commence a course of acupuncture therapy, and that Plaintiff start a work conditioning program. (AR 696-97.) In April 2016, Dr. Penunuri determined that as a result of his bilateral carpal tunnel syndrome, Plaintiff was precluded from repetitive use of the bilateral hands, forceful gripping, grasping, torqueing of the bilateral hands, and lifting greater than 15 pounds with the bilateral hands. (AR 701.) He concluded that the probable duration of the limitations was three months. (*Id.*)

Plaintiff also sought treatment in connection with his workers' compensation claim with David S. Kim, M.D., a board certified orthopedic surgeon. (AR 671-81.) In his March 2006 report, Dr. Kim observed that following a groin injury, Plaintiff stopped working in October 2005. (AR 672.) He noted that Plaintiff underwent a hernia repair surgery on

November 29, 2005. (*Id.*) Although Plaintiff was released to return to his regular job duties six weeks after the surgery, his symptoms persisted and he did not return to work. (*Id.*) Plaintiff underwent physical therapy after his surgery. (AR 673.) Dr. Kim's physical examination revealed no gross abnormalities to both forearms and wrists, normal spinal alignment with the shoulders and iliac crests level, tenderness over the surgical scar on his groin, no muscle spasm, and satisfactory motion of the lumbar spine. (AR 675-77.) X-ray examinations of the bilateral wrists revealed no evidence of soft tissue swelling, fractures, or dislocations; and there was no evidence of degenerative disease. (AR 678.) An x-ray of Plaintiff's pelvis/hips revealed normal osseous density, normal hops, and no sign of fracture or dislocation. (*Id.*) Dr. Kim diagnosed Plaintiff with bilateral wrist tendinitis, with electrodiagnostic evidence of right carpal tunnel syndrome; and status post right inguinal hernia repair. (AR 678-79.) He opined that Plaintiff had reached maximal medical improvement. (*Id.*) With regard to Plaintiff's work restrictions, he recommended that, in the future, Plaintiff avoid very heavy lifting activities and any activities that involved repetitive forceful grasping. (AR 680-81.) Dr. Kim further opined that, based on Plaintiff's description of his prior job duties, which at times involved significant lifting and repetitive forceful grasping, Plaintiff would be unable to return to those job duties. (AR 681.)

**C. Analysis**

Although he did not mention the doctors by name, the ALJ described the limitations opined by Drs. Kim and Penunuri in his decision. (AR 28-29.) Specifically, he noted that in March 2006, Plaintiff "was given work restrictions of no heavy lifting activities and avoiding any activities involving repetitive forceful grasping." (AR 28-29.) The ALJ concluded that although Plaintiff was noted to be "temporarily totally disabled" for short periods of time following his October 2005 injury, these were only temporary limitations that did not meet the requirement that Plaintiff be unable to engage in any substantial gainful activity for a continuous period of not less than 12 months. (AR 29.) The ALJ observed that Plaintiff was

cleared to return to work with no restrictions in December 2005, following his hernia repair surgery. (*Id.* (citing 629-31).) And at a January 2006 follow-up appointment, Plaintiff was cleared to return to his "usual and customary duties with no restrictions." (*Id.* (citing AR 741).) In his discussion of the opinion evidence, the ALJ did not discuss the opinions of Drs. Kim or Penunuri or assign their opinions any weight. (*See* AR 30-31.)

Although the ALJ described the opinions of Ds. Kim and Penunuri, his failure to mention those doctors by name or give their opinions any weight presents concern. At first glance, it appears that the ALJ may not have "considered" the doctors' opinions. *See Marsh*, 792 F.3d at 1173; *compare to Cox v. Berryhill*, 2018 WL 2341752, at *19 (C.D. Cal. May 22, 2018) (finding that ALJ did not totally ignore doctor and his findings where he mentioned the doctor and thoroughly discussed his treatment records). Ordinarily, without stating what weight the ALJ gave to the doctors' opinions, the Court cannot determine whether the ALJ has provided the necessary quantum of supporting evidence to support his RFC assessment. But here, a closer reading of the ALJ's decision reveals that he consolidated the two doctors' opinions and rejected them both outright on the basis that that the limitations they opined concerning Plaintiff's ability to lift and grasp did not meet the duration requirement for disability. (AR 29.) Under the Social Security Act and related agency guidelines, unless the impairment is expected to result in death, the impairment must have lasted or be expected to last for a continuous period of not less than 12 months for the claimant to be found disabled. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1509.

The Court concludes that the failure to meet the duration requirement was a clear and convincing reason to reject the opinion of Dr. Penunuri. *See Ramos v. Astrue*, 2012 WL 2912942, at *6 (C.D. Cal July 17, 2012) (finding that the failure to meet the duration requirement was a specific and legitimate reason to reject physician's opinion that claimant was disabled); *cf. Salvas v. Berryhill*, 2017 WL 3731994, at *4 (C.D. Cal. Aug. 28, 2017) (holding that, even where the ALJ failed to give reasons for rejecting doctor's opined

limitations, the limitation did not meet duration requirement and so, the ALJ's failure was harmless error). Assuming Plaintiff became unable to engage in substantial gainful activity when he was injured in October 2005, Dr. Penunuri's opinion only supports the inference that Plaintiff remained disabled until July 2006 (because, in April 2006, he had opined that Plaintiff's limitations would only persist for three months). (AR 701.) Therefore, the ALJ's conclusion that Dr. Penunuri's opined limitations failed to meet the 12-month duration requirement is supported by substantial evidence and remand on this basis is not warranted.

By contrast, Dr. Kim's opinion included no temporal limitations. He simply stated in his March 2006 report that Plaintiff had reached maximal medical improvement; he recommended that, in the future, Plaintiff avoid very heavy lifting activities and any activities that involved repetitive forceful grasping; and he opined that Plaintiff would be unable to return to his prior job duties. (AR 680-81.) If the ALJ rejected Dr. Kim's opinion for failure to meet the duration requirement, as it appears he did, the ALJ erred because nowhere in Dr. Kim's opinion did he suggest that Plaintiff's limitations in lifting or grasping would not persist longer than 12 months.

Therefore, the Court cannot find that ALJ's rejection of Dr. Kim's opinion on the basis that Plaintiff's limitations were temporary is supported by substantial record evidence. The Court cannot discern any other reason provided by the ALJ for rejecting Dr. Kim's opinion, as he did not otherwise mention Dr. Kim's opinion in his decision. More fundamentally, however, the fact that the Court must speculate as to the exact basis on which the ALJ rejected Dr. Kim's opinion is legal error by the ALJ. The ALJ is legally required to support his assessment of a treating physician's opinions by giving reasons supported by substantial record evidence. *Garrison,* 759 F.3d at 1012-13. Here, the ALJ has done neither. It thus appears that the ALJ either provided an improper basis for rejecting Dr. Kim's opinion or simply ignored Dr. Kim's opinion altogether. In either scenario, remand for reconsideration of that opinion and assignment of appropriate weight is warranted. *See Marsh*, 792 F.3d at

9

1173; *Garrison*, 759 F.3d at 1012; *see also Ramirez v. Berryhill*, 2018 WL 2392155, at *8 (C.D. Cal. May 25, 2018) (finding that ALJ's failure to identify the weight given to treating physician's opinion and evidence that supports that weight warrants remand).

The Commissioner argues that, even if Dr. Kim's opinion were considered, Plaintiff would not be able to show harm because Dr. Kim's opined limitations were consistent with the RFC assessed by the ALJ. (Joint Stip. at 9.) However, the Court cannot confidently conclude that no reasonable ALJ could have reached a different disability determination had Dr. Kim's opined limitations been considered. *See Marsh*, 792 F.3d at 1173. The ALJ's RFC assessment contained no restrictions in Plaintiff's ability to lift or grasp. It is plausible that had the ALJ properly considered Dr. Kim's opinion, he may have found that Plaintiff's restrictions in lifting or grasping exceeded the 12-month duration requirement. The Commissioner further argues that Dr. Kim's opinion that Plaintiff could not perform his past relevant work is irrelevant because the step-four determination is an administrative finding for the Commissioner. (Joint Stip. at 9.) However, "[a] treating physician's evaluation of a patient's ability to work may be useful or suggestive of useful information," even if the ALJ is ultimately responsible for determining whether Plaintiff can perform his past relevant work. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011).

Finally, even assuming Plaintiff's hernia condition is, as the ALJ determined, nonsevere (*see* AR 24), the ALJ was still required to consider the medical evidence related to that condition when assessing Plaintiff's functional limitations.[5] *See Loader v. Berryhill*, 722 F. App'x 653, 654-55 (9th Cir. 2018) (finding that, where a claimant prevailed beyond step two, the issue was whether the limitations from her depression were properly considered, even though it was categorized as nonsevere) (citing 20 C.F.R. § 404.1545(a)(2) ("We will consider

---

[5] Plaintiff briefly argues that the ALJ erred in finding his hernia condition, as well as several other conditions, nonsevere. (Joint Stip. at 5-6.) However, because remand is warranted on the basis that the ALJ failed to properly consider Plaintiff's treating physician's opinion, the Court declines to consider the merits of Plaintiff's additional arguments. *See Hiler*, 687 F.3d at 1212.

10

all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe[.]'")). The ALJ's failure to properly consider Dr. Kim's opinion, which discussed the impact of Plaintiff's hernia-related symptoms on his overall limitations, potentially undermines the ALJ's RFC determination and his ultimate disability conclusions.

## II. Remand For Further Administrative Proceedings Is Warranted

The ALJ did not state clear and convincing reasons based on substantial evidence to reject Dr. Kim's opinion. Because Dr. Kim's opinion potentially could change the ALJ's remaining findings for the RFC determination, the Court declines to address Plaintiff's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach this alternative ground for remand."); *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) ("Because we remand for reconsideration of step three, we do not reach the other arguments raised."). Upon remand, the ALJ is not precluded from reassessing any evidence, including Dr. Kim's opinion.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED AND REMANDED for further administrative proceedings consistent with this Order.

//
//
//
//
//
//

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and counsel for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATE: January 16, 2020

/s/ Karen L. Stevenson
_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE